**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Russell King, | No. CV09-8062-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

Defendants the State of Arizona and Lou Pucko have filed a motion to dismiss Plaintiff John Russell King's first amended complaint for failure to state a claim. Dkt. #10. Plaintiff opposes the motion. Dkt. #16. No party has requested oral argument. For reasons that follow, the Court will grant Defendants' motion. Dkt. #10.

**I.  Background.**

Plaintiff's first amended complaint alleges violation of his constitutional rights under 42 U.S.C. § 1983 and seeks injunctive relief and money damages of $10,000,000 for Plaintiff's alleged wrongful arrest and detention. Dkt. #8. When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022

1 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

## II. Analysis.

Defendants make two primary arguments in support of their motion to dismiss: (1) Arizona should be dismissed from the action to the extent that Plaintiff seeks monetary damages, and (2) Plaintiff complaint fails to state facts that, if true, would support his claim for relief. The Court agrees with both arguments.

Defendants argue that Plaintiff cannot seek money damages against Arizona because it is not a "person" subject to liability under 42 U.S.C. § 1983, 1985, or 1986. Defendants are correct. The United States Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As a result, the Court must dismiss Plaintiff's § 1983 claims against the State with prejudice. *Id.*

Defendants also argue that the Court should dismiss Plaintiff's claims because he has failed to state a claim for relief. The Court agrees. Plaintiff's complaint does not contain any factual allegations. *See* Dkt. #8. Plaintiff makes broad assertions that the conduct of Defendants was unconstitutional, but it is unclear who the Defendants are in this case or what they are alleged to have done that was unconstitutional.[1] A complaint must give each Defendant fair notice of the nature of Plaintiff's claim and the grounds upon which it is

---

[1] Plaintiff's first amended complaint only lists the State of Arizona as a Defendant in the caption, but later refers to "Defendants." *See* Dkt. #8 at 1-5. It is unclear whether Defendant Lou Pucko is a Defendant in the first amended complaint.

1  based. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Because Plaintiff's first amended complaint contains nothing more than conclusory statements without any factual support, the Court must dismiss it.

**III. Leave to Amend.**

Defendants ask the Court to dismiss Plaintiff's complaint with prejudice. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In this case, it is not clear that Plaintiff's complaint cannot be cured by amendment. As a result, the Court will grant Plaintiff until **June 18, 2010** to file an amended complaint. The amended complaint shall not contain any § 1983 claim for money damages against the State of Arizona as the Court has dismissed that claim with prejudice.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate*, 425 F.3d at 676. This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff also must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #10) is **granted**.
2. Plaintiff may file an amended complaint by **June 18, 2010**.
3. If Plaintiff fails to file an amended complaint by **June 18, 2010**, the Clerk of Court shall terminate this action.

DATED this 21st day of May, 2010.

*/s/ Daniel G. Campbell*

David G. Campbell
United States District Judge

- 4 -