**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Russell King, | No. CV09-8062-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Defendant. | |

On June 21, 2010, Plaintiff John Russell King filed his second amended complaint against the State of Arizona. Doc. 21. Defendant has moved the Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 22. Plaintiff has responded. Doc. 23; Doc. 24. For reasons that follow, the Court will grant the motion.

**I.    Background.**

On April 8, 2009, Plaintiff filed his initial complaint against Defendant and others. Doc. 1. On October 19, 2009, Plaintiff lodged a proposed first amended complaint. Doc. 5. On January 28, 2010, Defendant filed a motion to dismiss the first amended complaint with prejudice for failure to state a claim. Doc. 10. The Court granted the motion to dismiss, but granted Plaintiff leave to file a second amended complaint that was compliant with Rule 8. Doc. 18.

Plaintiff's second amended complaint alleges that on April 9, 2008, deputies from the Mohave County Sheriff's Department invaded his home at 6:45 a.m. while he was asleep in bed. Doc. 21 at 16. He contends that he was awakened by the deputies breaking down the

1 front door of his home. *Id.* According to Plaintiff, the deputies shot him with a taser for no
2 reason. *Id.* at 17-18. He contends that he asked the deputies to show him a warrant and they
3 refused. *Id.* at 18-19. Plaintiff contends that the deputies held him for 52 hours at the
4 Mohave County Sheriff's Department without cause. *Id.* at 19.

Although it is not entirely clear from the face of the complaint, it appears that Plaintiff seeks an injunction to prevent Defendant's "ongoing custom and policies to discriminate under color of state law against [his] privacy protections" (*id.* at 8), declaratory relief (*id.* at 9), and damages in the amount of $10,000,000 (*id.* at 10). Plaintiff also seems to be arguing that Defendant breached a contract and committed a tort, although the nature or terms of the alleged contract or the exact tort are not clear. *See id.* at 4, 10. It also is possible that Plaintiff is bringing a claim under Title VII. *See id.* at 2. Plaintiff also seems to assert a claim under 42 U.S.C. § 1983, *see* Doc. 21 at 2, despite the fact that the Court has already dismissed that claim against Defendant with prejudice. Doc. 18 at 3.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis.**

Defendant argues that Plaintiff's complaint fails to give Defendant notice of the claims against it or the grounds on which they rest. Doc. 22 ("In short, the [complaint]

alleges wrongs committed by [deputies] through a hodgepodge of legal jargon strung together by incongruous citations to federal statutes and the U.S. Constitution without providing facts which create a plausible cause of action against the state."). The Court agrees.

As noted above, the primary facts alleged in the complaint are that members of the Mohave County Sheriff's Office wrongfully entered Plaintiff's home, tased him, and held him for 52 hours. Plaintiff's complaint never explains how the State of Arizona can be liable for these alleged actions. Plaintiff's complaint does not "give the defendant fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest." *Twombly*, 550 U.S. at 555 (2007). The complaint does not clearly identify the causes of action or what the Defendant did to make it liable for each cause of action. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery"). Indeed, the "allegations of the [complaint] vacillate[] between legal theories of tort; breach of contract/treaty; right to privacy; policy and practices of discrimination . . .; due process violations of property and liberty interests under the Fourth and Fourteenth Amendments of the U.S. Constitution; and the law of agency." Doc. 25 at 2.

Defendant argues that the Court must also dismiss Plaintiff's claims because the State is not legally responsible for operations of the Mohave County Sheriff's Office. Doc. 22 at 4. In support of this argument, Defendant points to *Flanders v. Maricopa County*, 54 P.3d 837, 847 (Ariz. App. 2002), in which the Arizona court of appeals found that the county is responsible for the Sheriff's policies, not the state. Plaintiff's response does not address this argument. Doc. 24.

Defendant further argues that this Court must dismiss because the complaint does not plead any evidence of a contract, treaty, or policy of the State to deprive Plaintiff of any rights. Doc. 22 at 5. Plaintiff's response does not address this argument. Doc. 24.

Finally, Defendant argues that Plaintiff alleges no basis for his request for declaratory and injunctive relief because he does not allege "ongoing conduct by the State which may

- 3 -

be enjoined and [] doesn't request this Court to declare the legal relationships between the parties." Doc. 22 at 6. Defendant further contends that Plaintiff's claim for monetary damages must fail because the Eleventh Amendment renders the State immune from suit in District Court for money damages. Doc. 22 at 7 (citing *Edelman v. Jordan*, 415 U.S. 651, 677 (1974)). Plaintiff's response argues that the Eleventh Amendment does not bar his claim. Doc. 24 at 4. The case cited by Plaintiff, however, does not address suits against a state in federal court, but rather addresses suits against the State of Arizona in state court. *See Stone v. Ariz. Highway Comm'n*, 381 P.2d 107 (Ariz. 1963). It is well settled that the Eleventh Amendment bars federal jurisdiction over suits against non-consenting states. *See, e.g., Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 62-65 (1996) (reaffirming strength of Eleventh Amendment and fundamental importance of each state's sovereign immunity); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (interpreting Eleventh Amendment to prohibit suits against state by its own citizens); *Natural Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 420 (9th Cir. 1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)) ("The Eleventh Amendment . . . prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent.").

Given that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6), and given that he has failed adequately to address Defendant's arguments, the Court will dismiss the claims against Defendant.

**IV. Dismissal With Prejudice.**

The Court finds that it should dismiss the claims against Defendant with prejudice. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In making a determination to dismiss with prejudice, the Court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* In this case, Plaintiff has failed to correct the deficiencies in his

complaint despite three opportunities to plead his claims. After the Court dismissed Plaintiff's first amended complaint, it clearly warned Plaintiff that his second amended complaint must include more than "vague references" and must clearly give each Defendant "fair notice" of his claims – including "some factual basis for each claim asserted and the specific legal theory supporting the claim." Doc. 18 at 3. Plaintiff has failed to heed this advice. Moreover, the Court must consider undue prejudice to Defendant, which has been required to respond to the first amended complaint and second amended complaint. Finally, the Court notes that the kinds of claims suggested by Plaintiff's pleadings simply cannot be brought against the State, particularly in this Court. Because the Court finds a repeated failure to cure deficiencies, undue prejudice, and futility of amendments, the Court finds that dismissal with prejudice is appropriate.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 22) is **granted**. This case is dismissed with prejudice.
2. The Clerk of Court shall terminate this action.

DATED this 13th day of August, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge